UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 2 6 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

GEORGE H. ROBINSON,

Petitioner,

v.

CHRISTOPHER ARTUZ, Superintendent
Green Haven Correctional Facility,

Respondent.

Civil No. 9:00-CV-00591
(GLS)

**APPEARANCES:**

**OF COUNSEL:**

**FOR PETITIONER:**

GEORGE H. ROBINSON
*Pro Se*
97-B-2096
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**FOR RESPONDENT:**

HON. ELIOT SPITZER
Office of Attorney General
State of New York
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## Memorandum-Decision and Order

## I. Introduction

In a petition transferred to this district on April 17, 2000, George H. Robinson seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In an answer and memorandum of law, supported by the underlying state court record, respondent seeks dismissal of the petition. Robinson filed a traverse.

On January 10, 2005, Magistrate Judge George H. Lowe issued an Order and Report-Recommendation in which he recommended that the court deny and dismiss Robinson's petition.[1] Pending are Robinson's timely objections.

When objections are filed, a magistrate judge's report-recommendation is reviewed *de novo*. See 28 U.S.C. § 636(b)(1). Thereafter, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

---

[1] The petition was referred to Magistrate Judge Lowe pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

2

Having reviewed *de novo* those portions of the Report-Recommendation to which Robinson has objected, the court modifies specified factual findings, rejects the recommendation that ground one be dismissed because of procedural default, and accepts and adopts the remainder of the report in its entirety for the reasons recited therein, as supplemented by the following analysis.[2] Accordingly, Robinson's petition is denied and dismissed.

## II. Background

Robinson challenges his New York State convictions for burglary, grand larceny and petit larceny, and his subsequent sentence of fifteen years imprisonment. He asserts two grounds for habeas relief: (1) the state court prosecutor violated the federal bribery statute, 18 U.S.C. § 201(c), by negotiating a plea agreement with a co-defendant who then testified against Robinson at trial; and, (2) his right to a fair trial was violated by juror bias and misconduct.

Judge Lowe recommended dismissal of Robinson's first ground for two reasons; namely, Robinson procedurally defaulted by failing to raise

---

[2]The court assumes familiarity with Judge Lowe's Report-Recommendation, adopts his factual findings except as noted, and repeats them only as necessary to this decision.

3

his argument on appeal to the New York appellate courts, and his argument was frivolous and without merit. As to the second ground, Judge Lowe recommended dismissal because the state trial court's denial of Robinson's claim was not contrary to, nor an unreasonable application of, Supreme Court precedent governing Robinson's right to a fair trial.

In his objections, Robinson asserts that Judge Lowe incorrectly made specified factual findings, erroneously recommended procedural default as a basis for denying ground one, and erroneously recommended dismissal of both grounds on the merits.

## III. Discussion

### A. Objections to Judge Lowe's Factual Findings

Robinson asserts that Judge Lowe incorrectly attributed certain trial testimony to him rather than to the co-defendant, and incorrectly identified a stolen ignition cylinder as having come from his mother's residence. *See* Robinson Objections, Dkt. No. 19, p. 1. The court has carefully reviewed the trial transcript, and Robinson is correct. The contested statement was the subject of the co-defendant's testimony, and the cylinder was located in the co-defendant's home. *See* T. 237, 293-98. Robinson makes no claim, however, that the inaccuracies had any substantive bearing on Judge

4

Lowe's legal recommendations. Having conducted a *de novo* review of Robinson's substantive arguments and Judge Lowe's substantive recommendations, the court concludes that the factual inaccuracies are irrelevant to the disposition of Robinson's petition.

Robinson also argues that there are facts supporting his second ground which Judge Lowe failed to recite. The court has considered Robinson's additional facts, but Judge Lowe's report fairly summarizes those essential to a resolution of the legal argument. Therefore, supplementation or modification is unnecessary.

### B. Objections to Judge Lowe's Recommendation Concerning Procedural Default

As to ground one, Judge Lowe recommended dismissal on the basis of procedural default because Robinson failed to fairly present his claim to the state courts. *See* Report-Recommendation, pp. 9-15. As Robinson now points out, however, he did raise the claim in *pro se* submissions to New York's appellate court. *See* Respondent's Answer, Ex. 5, Appellant's Supplementary *Pro Se* Brief, pp. 8-9; *see also* Ex. 7, Appellant's Response to Respondent's Brief. Accordingly, the court declines to adopt that portion of Judge Lowe's report recommending dismissal of ground one because of

5

procedural default.

### C. Objections to Judge Lowe's Recommendation Concerning Dismissal on the Merits of Grounds One and Two

Although Robinson generally objects to Judge Lowe's recommendations regarding the merits of grounds one and two, he offers no cogent legal analysis beyond a repetition of the arguments recited in his original petition and traverse.

He cites 18 U.S.C. § 201(c)(2) as sole support for the proposition that he is entitled to habeas relief because the state prosecutor entered a plea bargain with his accomplice in order to secure the accomplice's cooperation. Although he does not say so, Robinson clearly relies on the Tenth Circuit's decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) ("Singleton I") to support his position. Citing Senior Judge McCurn's decision in United States v. Terry, No. CIV.A. 98-CV-1566, 1999 WL 20911 (N.D.N.Y. Jan. 12, 1999), Judge Lowe found that the application of § 201(c) to prosecutors and cooperation agreements was absurd.

This court concurs with Judge Lowe's observation, but also notes that the Singleton decision was vacated and rejected in a subsequent en banc opinion by the Tenth Circuit. See United States v. Singleton, 165

6

F.3d 1297 (10th Cir.), *cert. denied*, 527 U.S. 1024 (1999) (*"Singleton II"*). Furthermore, every Circuit to consider the *Singleton I* contention has rejected it, as has this Circuit in unpublished opinions. *See United States v. Haese*, 162 F.3d 359, 366-68 (5th Cir. 1998); *United States v. Ware*, 161 F.3d 414, 418-25 (6th Cir. 1998); *United States v. Condon*, 170 F.3d 687, 688-89 (7th Cir. 1999); *United States v. Johnson*, 169 F.3d 1092, 1097-98 (8th Cir. 1999); *United States v. Lowery*, 166 F.3d 1119, 1123-24 (11th Cir. 1999); *United States v. Ramsey*, 165 F.3d 980, 987-91 (D.C. Cir. 1999); *United States v. Rodriguez*, 1999 WL 459762 (2d Cir. June 22, 1999) (Table); *United States v. Hall*, 181 F.3d 83 (2d Cir. 1999) (Table); *United States v. Guadagna*, 181 F.3d 83 (2d Cir. 1999) (Table); *United States v. Otusheso*, 181 F.3d 83 (1999) (Table). Accordingly, § 201(c) does not apply to prosecutors who negotiate plea agreements with cooperating accomplices, and provides no basis for habeas relief as sought in Robinson's petition.

As to Robinson's objection to Judge Lowe's recommendation regarding the merits of ground two, the court adopts the rationale of the Report-Recommendation in its entirety, and finds that Robinson's arguments are unavailing.

## IV. Conclusion

After careful and *de novo* consideration of Magistrate Judge Lowe's Order and Report-Recommendation, Robinson's objections, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the court hereby

**ORDERS** that Magistrate Judge Lowe's Order and Report-Recommendation is **MODIFIED IN PART, REJECTED IN PART, AND ADOPTED IN PART**, as follows:

(1) The facts reported in the Report-Recommendation as "Background" are adopted in their entirety except, as noted herein, they are **MODIFIED** to reflect that testimony attributed to George H. Robinson is attributable to the co-defendant and that the stolen ignition was found in the co-defendant's home;

(2) The recommendation that ground one of the petition be denied as procedurally defaulted because of Robinson's failure to present his claim to the state courts is **REJECTED**; and,

(3) The recommendation that grounds one and two of the petition be denied on the merits is **ADOPTED IN ITS ENTIRETY**; and it is

further

**ORDERED** that Petitioner George H. Robinson's petition for a writ of habeas corpus is **DENIED AND DISMISSED**, and it is further

**ORDERED** that the Clerk of Court close this case.

**IT IS SO ORDERED.**

Dated: July 26, 2005
       Albany, New York

_____
Gary L. Sharpe
United States District Court Judge

9